JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
SAM S. PUATHASNANON (Cal. Bar No. 198430)
Email: puathasnanons@sec.gov
JENNIFER T. PURPERO (Cal. Bar No. 247976)
Email:  purperoj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>APARTMENTS AMERICA, LLC; MICHAEL J. STEWART; JOHN J. PACKARD; and RANDALL A. SMITH,<br><br>　　　　Defendants. | Case No. SACV 12-754 DOC (ANx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JOHN J. PACKARD** |

The Securities and Exchange Commission having filed a Complaint and Defendant, John J. Packard ("Packard"), having filed an answer to the Complaint; consented to the Court's jurisdiction over Packard and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Packard and Packard's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Packard and Packard's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or

indirectly, in the absence of any applicable exemption:

      (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Packard and Packard's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, and any entity Packard owns or controls, are permanently restrained and enjoined from offering unregistered securities.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Packard is liable for a civil penalty in the amount of **$75,000** pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  Packard shall satisfy this obligation by paying **$75,000** to the Commission within 14 days after entry of this Final

1 Judgment.

2     Packard may transmit payment electronically to the Commission, which will
3 provide detailed ACH transfer/Fedwire instructions upon request.  Payment may
4 also be made directly from a bank account or by credit or debit card via Pay.gov
5 through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Packard
6 may also pay by certified check, bank cashier's check, or United States postal
7 money order payable to the Commission, which shall be delivered or mailed to

8         Enterprise Services Center
9         Accounts Receivable Branch
10         6500 South MacArthur Boulevard
11         Oklahoma City, OK 73169

12 and shall be accompanied by a letter identifying the case title, civil action number,
13 and name of this Court; John J. Packard as a Defendant in this action; and
14 specifying that payment is made pursuant to this Final Judgment.

15     Packard shall simultaneously transmit photocopies of evidence of payment
16 and case identifying information to the Commission's counsel in this action.  By
17 making this payment, Packard relinquishes all legal and equitable right, title, and
18 interest in such funds and no part of the funds shall be returned to Packard.  The
19 Commission shall send the funds paid pursuant to this Final Judgment to the
20 United States Treasury.

21         **V.**

22     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
23 Consent is incorporated herein with the same force and effect as if fully set forth
24 herein, and that Packard shall comply with all of the undertakings and agreements
25 set forth therein.

26         **VI.**

27     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
28 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  3/3/14                               _____/s/ David O. Carter_____
                                              HONORABLE DAVID O. CARTER
                                              UNITED STATES DISTRICT JUDGE

Case 8:12-cv-00754-DOC-AN Document 71 Filed 03/10/14 Page 6 of 6 Page ID #:976

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28